BASHAM v. STATE. (No. 4141.) (Court of Criminal Appeals of Texas. June 23, 1916.) Appeal from Tarrant County Court; Jesse M. Brown, Judge. Will Basham was convicted of aggravated assault, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a conviction for aggravated assault, but without a statement of facts or bills of exception. In the absence of these, there is nothing we can review. The judgment is affirmed.

COLEMAN v. STATE. (No. 4120.) (Court of Criminal Appeals of Texas. June 14, 1916.) Appeal from Bexar County Court; Nelson Lytle, Judge. W. P. Coleman, Sr., was convicted of negligent homicide, and appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of negligent homicide, and his punishment assessed at a fine of $200. The record contains no bill of exceptions, and no statement of facts; consequently there is no question presented we can review, the information charging an offense under the law. The judgment is affirmed.

RAMOS v. STATE. (No. 4159.) (Court of Criminal Appeals of Texas. June 23, 1916.) Appeal from District Court, Galveston County; Robt. G. Street, Judge. J. Ramos was convicted of murder, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of murder, and his punishment assessed at imprisonment in the penitentiary for life. The record contains no bill of exceptions, and no statement of facts accompanies the record. No complaint is made to the charge of the court, and no special charges requested. The indictment properly charges the offense, and under such circumstances there is no question presented we can review. The judgment is affirmed.

WORSHAM v. STATE. (No. 4145.) (Court of Criminal Appeals of Texas. June 23, 1916.) Appeal from District Court, Collin County; M. H. Garnett, Judge. Waddell Worsham was convicted of pursuing the occupation of selling intoxicating liquors in local option territory, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of pursuing the occupation of selling intoxicating liquors in local option territory; his punishment being assessed at three years' confinement in the penitentiary. The record is before us without a statement of facts or bill of exceptions. In this attitude there is nothing presented to this court requiring revision. Therefore the judgment will be affirmed.

BULLARD et al. v. LANIUS PRESSED BRICK CO. et al. (No. 7579.) (Court of Civil Appeals of Texas. Ft. Worth. April 15, 1916. Rehearing Denied June 17, 1916.) Appeal from District Court, Taylor County; Thomas L. Blanton, Judge. Action by the Lanius Pressed Brick Company against George P. Bullard and others. From a judgment for plaintiff, certain defendants appeal. Reversed and rendered as to appellants only. J. L. Gammon and G. C. Groce, both of Waxahachie, for appellants. Ben L. Cox and A. H. Kirby, both of Abilene, for appellee.

DUNKLIN, J. The Lanius Pressed Brick Company furnished the brick used in the construction of a house of worship for the First Baptist Church of Abilene. E. S. Boze was the contractor who erected the building, and the brick were furnished to him as such contractor. Boze executed a bond, with sureties thereon, to the trustees of the church, and to all persons who might become entitled to liens upon the building, to insure the completion of the work in accordance with the terms of the contract, and also to insure the payment by the contractor of all indebtedness that might be incurred by him in the construction of the building. The present suit was instituted by the Brick Company against the contractor, the trustees of the church, and the sureties on the bond, to recover a balance due for brick so furnished, and to establish and foreclose a furnisher's lien on the building. From a judgment granting plaintiff the relief so prayed for, certain of the sureties on the bond alone have appealed. The case is a companion to the case of Bullard v. Norton, decided by our Supreme Court, whose opinion appears in 182 S. W. 668, and the facts of the two cases are the same, except that in the case last mentioned the plaintiff's claim was that of a subcontractor, instead of that of a furnisher of material. Upon the authority of that decision the judgment rendered by the trial court in the present suit against appellants is reversed, and judgment is here rendered in favor of those appellants. In all other respects the judgment is undisturbed.