**BURTON LINGO CO. et al. v. FIRST BAP-
TIST CHURCH et al. (No. 750.)**

(Court of Civil Appeals of Texas. El Paso.
Oct. 14, 1920.)

**1. Principal and surety ⚬⇒117—Sureties for
contractor released by failure of principals to
retain part of price.**

Sureties on bond of contractor to build church *held* released from liability on his bond by reason of the conduct of the principals in the bond, the building committee of the church, in failing to retain 20 per cent. of the contract price until 30 days after completion and acceptance of the building, as provided in the contract.

**2. Principal and surety ⚬⇒117—Rights of ma-
terialman against sureties on contractor's
bond affected by failure of owners to with-
hold percentage of price.**

The rights of a company which furnished material to a contractor to build a church under the builder's bond, and its cause of action against the sureties on such bond, are affected by the failure of the building committee of the church to comply with the provision of the contract requiring 20 per cent. of the contract price to be withheld from the contractor, a failure which releases the contractor's sureties from liability on the bond.

**3. Principal and surety ⚬⇒162(2) — Personal
liability of church and building committee to
materialman for jury.**

In an action against a church, the contractor to erect a building for it, the building committee, and the contractor's sureties, brought by one who furnished material to the contractor, personal liability of the church and the members of its building committee to the materialman *held* for the jury under the evidence.

**4. Principal and surety ⚬⇒162(2)—Testimony
held to raise issue of express contract be-
tween materialman and church and building
committee.**

In an action against a church, the contractor to erect a building for it, the building committee, and the contractor's sureties, brought by one who furnished material to the contractor, testimony of a witness *held* to raise the issue of an express contract between the materialman and the church and its committee.

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Suit by the Burton Lingo Company against the First Baptist Church and others. From judgment for plaintiff against certain defendants unnamed, but that it take nothing against the Church etc., plaintiff and others appeal. Judgment against plaintiff in its suit against the Church, etc., reversed and remanded; otherwise affirmed.

See, also, 198 S. W. 1013; 222 S. W. 203.

G. C. Groce and J. L. Gammon, both of Waxahachie, and Sayles & Sayles, of Abilene, for appellants.

A. H. Kirby, of Ft. Worth, for appellees.

HIGGINS, J. This suit was brought by the Burton Lingo Company against the First Baptist Church of Abilene, Tex.; Jesse Scott, Geo. S. Anderson, A. H. Kirby, A. H. Herring, J. E. Chandler, Geo. L. Paxton, C. C. Compere, C. P. Warren, and C. C. Coleman, composing the building committee of defendant church; E. S. Boze, who contracted to erect a church building for said First Baptist Church; and against Geo. P. Bullard, W. A. Crow, R. C. Johnston, J. W. Harrison, and J. L. Gammon as sureties on the builder's bond given by Boze.

The suit was to recover a balance of $538.-26 due by Boze for materials furnished by

the plaintiff and used in the construction of the church building. The plaintiff sought judgment against all defendants for the amount of its debt with interest and an attorney's fee and for foreclosure of a materialman's lien upon the building and premises upon which the building was situate.

The defendant Boze pleaded a discharge in bankruptcy in bar of any recovery against him.

In response to a peremptory instruction a verdict was returned in favor of the plaintiff against the sureties Bullard, Crow, Johnston, Harrison, and Gammon in the sum of $538.-26, with interest and an attorney's fee of $100, and in favor of all other defendants upon all other issues. Upon this verdict a judgment was rendered in favor of the plaintiff against the sureties in the amount stated in the verdict, and that it take nothing against the church and the members of its building committee, nor against Boze, and that the church take nothing by its cross-action against Boze and the sureties on his bond.

Upon the original consideration of this case this court was of the opinion that the judgment rendered in the court below lacked finality because of its failure to dispose of a cross-action which had been filed by the sureties against the principal Boze, and for want of such finality dismissed the appeal. 198 S. W. 1013. Upon writ of error to the Supreme Court it was held that the judgment was final, and the judgment of this court was reversed, and the cause remanded to this court for disposition of the various errors assigned. 222 S. W. 203. In obedience to the judgment of the Supreme Court the errors assigned by the various parties will be now considered and disposed of.

Separate appeals were filed by the sureties upon the builder's bond and the Burton Lingo Company. The appeal of the sureties will be first considered. But two errors are assigned by them, the first being that the court erred in refusing an instruction to find for the sureties, and the second is to the action of the court in giving a peremptory instruction to find against the sureties and in favor of the Burton Lingo Company for the amount named in the charge of the court and found in the verdict.

The proposition advanced in support of the assignments is that under the uncontroverted evidence they were entitled to a verdict and judgment in their favor, and that the trial court should have so instructed.

The facts material to a consideration of the appeal by the sureties are uncontroverted. Eliminating irrelevant matter, they are as follows:

The defendant Boze contracted in writing with the First Baptist Church of Abilene, Tex., acting through its trustees, to construct a church building in Abilene, Tex., furnishing all materials therefor. The church agreed to pay Boze for the construction of the building—

"the sum of $42,790 lawful money of the United States, on certificates of superintendent, from time to time, as the work progresses, to wit, 80 per cent. of the estimated value of same, subject to additions and reductions, as hereinafter provided, at intervals of two weeks, subject to the certificates of the architects or authorized superintendent, and the remainder on satisfactory completion and acceptance of the entire work, after the expiration of 30 days.

"It is agreed by the parties that 20 per cent. of the contract price shall be held by the owners as security for the faithful completion of the work and may be applied under the direction of the superintendent in the liquidation of any damages under this contract; also furnishing the owners a release from any liens or rights of liens, by bond, herewith annexed, within 10 days from date, or, if requested, a sworn statement, as required by law, before commencing work on this contract."

To secure the faithful performance of his contract Boze gave bond with Bullard, Crow, Johnston, Harrison, and Gammon as sureties thereon. This bond reads as follows:

"Know all men by these presents: That I, E. S. Boze, and the following signers, of the city of Waxahachie, county of Ellis, state of Texas, are held and firmly bound unto trustees of First Baptist Church of Abilene, county and state, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned in the sum of ten thousand six hundred eighty-seven and $50/100$ dollars, lawful money of the United States of America, to be paid to the said trustees of the First Baptist Church of Abilene, and to said parties who may be entitled to liens, their executors, administrators, or assigns, for which payment, well and truly to be made, we bind ourselves, one and each of our heirs, executors, and administrators, jointly and severally firmly by these presents. Sealed with our seals. Dated this 20th day of October, 1909.

"The condition of this obligation is such that, if the above-bounden E. S. Boze, his executors, administrators, or assigns, shall in all things stand to and abide by, and well and truly keep and perform the covenants, conditions, and agreements in above-mentioned contract entered into by and between the said E. S. Boze, of Waxahachie, Tex., and the said trustees of First Baptist Church of Abilene, dated the 20th day of October, 1909, for the construction of the work or works on the lot mentioned in the foregoing contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said contractor in carrying out the said contract, and complete the same free of all mechanics' liens and shall truly keep and perform the covenants, conditions, and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs, including attorney's fees, in enforcing the payment and collection of any and all indebtedness incurred by the said E. S. Boze, in carrying out the said contract, then the above obligation shall be void, else to remain in full force and virtue.

"This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person."

[1] In the construction of the building material was furnished by the Burton Lingo Company to the contractor Boze. For material so furnished there is an unpaid balance of $538.26. The building was finally completed by the contractor and accepted by the First Baptist Church on the 3d or 4th of January, 1911. It seems that it was practically completed about December 12, 1910, but, according to the evidence, its final completion and acceptance took place January 3 or 4, 1911. On or about December 12, 1910, Boze had a conference with the building committee of the church. At this conference he gave to the committee a statement showing the amounts due by him to different people on account of the construction of the church building, aggregating $11,054.11. At this conference the accounts of Boze with the church were cast up, and it was ascertained that there then remained unpaid on the contract price the sum of $6,514.68. At that time Boze owed Burton Lingo Company $5,941.85; to the Citizens' National Bank $1,070.22; to John Neill $106.45; and to one Newman $60. Orders were then given by Boze on the church for the amounts due the bank, Neill, and Newman, and in favor of the Burton Lingo Company for $5,278.01. The church accepted the orders so given for the payment of these amounts, and the same were subsequently paid, but the date of payment is not disclosed by the record. The sureties present the proposition that they were released from liability on the bond by reason of the conduct of the principals to the bond in failing to retain 20 per cent. of the contract price until 30 days after the completion and acceptance of the building, as provided in the building contract. The identical bond in this case was before the Supreme Court in Bullard v. Norton, 107 Tex. 571, 182 S. W. 668, and upon the authority of that case and the authorities there cited the contention of the sureties must be sustained. The contract bound the First Baptist Church to retain $8,558 for 30 days after the completion and acceptance of the work. It appears that the building was not finally completed and accepted until January, 1911, although it appears it was practically completed and ready for acceptance upon the date of the conference in December between Boze and the building committee of the church. In January, when the building was finally completed and accepted, and upon the date of the conference in the preceding December, the First Baptist Church should have then had on hand the said sum of $8,558, but, according to the uncontroverted evidence, it then had on hand the sum of only $6,514.68. It had anticipated payment by at least $2,000, which amount it had paid prior to the date of the completion of the contract. Upon this state of facts, the sureties were released from liability upon the bond. It is directly so held in the case cited.

[2] The Burton Lingo Company asserts that its rights under the builder's bond and cause of action against the sureties cannot be affected by the failure of the owner of the building to comply with that provision of the contract requiring 20 per cent. of the contract price to be withheld, but this question is likewise ruled against it by the case cited.

For the reason indicated. the assignments of the sureties upon the contractor's bond are sustained, and the judgment against them will be reversed and rendered in their favor.

[3] The assignments of the Burton Lingo Company are directed against the action of the trial court in instructing a verdict against the company upon the cause of action set up by it against the First Baptist Church and the members of its building committee. The Burton Lingo Company, in substance, had pleaded that prior to the delivery of any material to the contractor, Boze, it advised the defendant church and its building committee that it would not deliver such material to Boze and the church to be used in the building unless the church would be responsible for the payment of same, and that, if the church would not be responsible, then it would comply with the legal requirements for the establishment of a materialman's lien, whereupon the church and its building committee stated to plaintiff that it and they would be responsible for the payment to plaintiff for such material furnished Boze and requested plaintiff not to take any steps to fix a materialman's lien, and that subsequently from time to time similar assurances and requests were made by the church and its building committee during the delivery of the material and prior to the completion of the building. These allegations are supported by the testimony of A. H. Herring, the local manager for Burton Lingo Company at Abilene, and, while his testimony is denied by various members of the building committee, it nevertheless raises an issue of fact as to the personal liability of the church and the members of its building committee which should have been submitted to the jury. The court erred in withdrawing the same.

[4] The only reply made by the church and the members of the building committee to the assignments of the Burton Lingo Company is that the verdict was properly instructed because an express contract was alleged, and there was no evidence thereof, but we regard the testimony of Herring as raising the issue. His testimony, in substance, was that he had a number of conversations with the

building committee relative to the material to be furnished by his company to the contractor for the construction of the church building; the first conversation being directly after construction was begun. He further testified:

"I stated to the committee in substance that we would look to the building committee of the Baptist Church for our money covering such material as Mr. Boze, the contractor, might purchase of us to be used in the construction of the church, giving my reason for such notice that, inasmuch as he was in round numbers $10,000 under any other bidder, I was afraid that he would fall short which he did, and we did not care to take chances of getting our money from Mr. Boze. I further stated to the committee that if they required it we would serve written notice on them to this effect. The committee assured me as a whole there was no occasion for written notice and that we would be protected. I am now at Rogers, Ark. I was present at the meeting of the building committee of said church with E. S. Boze on or about December 12, 1910, when said building committee had a settlement with said Boze. I could not state positively all who were present, but think Paxton, Anderson, Jesse Scott, C. C. Compere, J. E. Chandler, C. P. Warren, and others, I am sure, whom I cannot recall. Mr. Boze furnished the committee with a list of accounts supposed to represent the balance of the various accounts due on the church contract. Mr. Boze gave us (meaning Burton Lingo Company) an order on the building committee for the balance the committee were due him on said contract, which we accepted, stating again in the presence of the committee that we would look to the building committee or church for the remainder of our money, a balance of between $500 and $600. There were no objections offered."

See Green v. Dallahan & Co., 54 Tex. 281; Lyon v. Lindsay, 39 S. W. 1101.

The judgment in favor of Burton Lingo Company against the sureties, Bullard, Crow, Johnston, Harrison, and Gammon, is reversed, and here rendered in favor of said sureties.

The judgment against the Burton Lingo Company in its suit against the First Baptist Church and the members of its building committee, Scott, Anderson, Kirby, Herring, Chandler, Paxton, Compere, Warren, and Coleman, is reversed, and remanded for retrial.

In all other respects the judgment of the lower court is undisturbed.