**FINGER CONTRACT SUPPLY COMPANY, Appellant,**

v.

**John T. WEBB, Appellee.**

No. 212.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 19, 1969.

Rehearing Denied March 12, 1969.

Harry H. Brochstein, Ellis F. Morris, Houston, for appellant.

Fred D. Nation, Jr., John B. Garrett, Garrett & Nation, Fort Worth, for appellee.

BARRON, Justice.

Finger Contract Supply Company sued John T. Webb and others for an indebtedness based upon a promissory note executed by Viking Motor Hotel of Portland, Inc., and endorsed with recourse by John T. Webb and Perry Horine individually. All defendants, other than John T. Webb, were severed from the cause, and the case against John T. Webb proceeded to trial in Harris County. At the conclusion of the testimony, the trial court withdrew the case from the jury and rendered judgment for defendant, Webb. Finger Contract Supply Company has duly perfected its appeal from the judgment of the trial court, as appellant. John T. Webb is appellee.

The evidence shows substantially that in 1962 appellee Webb, together with one Perry Horine, as officers and stockholders of a corporation known as Viking Motor Hotel of Portland, Inc., purchased from Finger the furnishings necessary for a motel in Portland, Texas. The corporation executed a promissory note and chattel mortgage as security for the same in the principal sum of $81,252.00. Webb and Horine personally endorsed the promissory note payable to appellant, and at the same time they both executed a "personal guaranty" agreement hereinafter set forth verbatim. At the time the permanent financing was closed in connection with the first mortgage on the motel, Viking Motor Hotel of Portland, Inc., through John T. Webb as President of the corporation, executed and delivered another chattel mortgage on the property purchased from Finger to the first lien real estate mortgagee, Flynn Investment Company. Finger's chattel mortgage prohibited such action.

Subsequently, by written agreement between Finger and Flynn Investment Company dated February 8, 1963, Finger Contract Supply Company subordinated its first lien chattel mortgage to the first lien real estate mortgagee, Flynn Investment Company, who had also taken a chattel mortgage on the furnishings purchased from Finger as stated above, in November, 1962. Flynn Investment Company thereby became the first lien holder on the real estate and the personal property to secure payment of a

note in the original sum of $350,000.00 owed by Viking to Flynn Investment Company.

Subsequently, Viking Motor Hotel, Inc., the debtor corporation, defaulted on both the Flynn and the Finger obligations, and the first mortgage lien holder, Flynn, foreclosed its mortgage on the real estate and the personal property. As a result of Flynn's foreclosure, the chattel mortgage security was applied to the Flynn indebtedness, and there being no excess, no credit was available to apply to the Finger note.

Contention is made by appellant that the trial court erred in rendering judgment in favor of Webb because Webb's liability is primary under the guaranty agreement, and that such liability cannot be defeated by Finger's subordination of its lien by reason of the terms of the guaranty agreement.

■ As a general rule if a creditor, without the consent of a surety or a guarantor primarily liable, parts with or renders unavailable any security or fund which he has a right to apply in satisfaction of the debt, the said surety or such guarantor is exonerated or discharged at least to the extent of the value of the security or to the extent of the impairment of its value. First National Bank in Lubbock v. Alexander, 4 S.W.2d 298 (Tex.Civ.App.), writ dismd., and see Bullard v. Norton, 107 Tex. 571, 182 S.W. 668, 671; Old Colony Ins. Co. v. City of Quitman, 163 Tex. 144, 352 S.W.2d 452, 455. The difference in a surety and a guarantor primarily liable on an instrument is negligible under these facts, if in fact there is any difference. See 27 Tex.Jur.2d, Sec. 15, p. 290; Art. 5948, Sec. 192, Negotiable Instruments Act. Our courts have held that the liability of an absolute guarantor is primary and original. Rice v. Travelers Express Co., 407 S.W.2d 534, 536 (Tex.Civ.App.), no writ hist., and cases cited.

■ It is also well established law that the rule to be observed in the construction of contracts, including those of guaranty, is to ascertain and give effect, whenever possible, to the real intention of the parties. Jarecki Mfg. Co. v. Hinds, 295 S.W. 274, 276 (Tex.Civ.App.), writ dismd.; 27 Tex. Jur.2d, p. 307. In this case the guaranty agreement signed by Webb and Horine individually is as follows:

"PERSONAL GUARANTY

"FOR VALUE RECEIVED, and in consideration for, and as an inducement to FINGER CONTRACT SUPPLY COMPANY to extend credit to VIKING MOTOR HOTEL OF PORTLAND, INC., a Texas Corporation, and to enter into and to accept that certain annexed chattel mortgage contract of even date with FINGER CONTRACT SUPPLY CO. as Mortgagee, and VIKING MOTOR HOTEL OF PORTLAND, INC., as Mortgagor, We, JOHN T. WEBB and PERRY HORINE, Individually, jointly and severally, *unconditionally guarantee the full performance and observance of all of the payments, conditions and agreements set forth in said chattel mortgage,* as also the prompt payment of the installments and other indebtedness therein set forth and all amounts to be paid pursuant to the terms of said chattel mortgage. We agree that the validity of this guaranty in no wise shall be terminated, affected or impaired by reason of the assertion by said Mortgagee against the Mortgagor with respect to any right or remedy reserved to the Mortgagee pursuant to the provisions of said chattel mortgage. *We further covenant and agree that this guaranty shall remain and continue in force and effect as to any renewal, modification or extension of said chattel mortgage whether or not we shall have received any notice of or consented to the same. We further agree that our liability under this Guaranty is primary,* and with respect to any right of action which may accrue to the Mortgagee hereunder, it may, at its option, proceed against us, jointly or severally, as well

as the said Mortgagor, with or without having commenced any action or having obtained any judgment first against said Mortgagor, all as the Mortgagee may elect. Receipt by the Mortgagee of any obligation or payment with knowledge of the breach of any provision of the chattel mortgage shall not be deemed a waiver of such breach or of our obligations hereunder.

"EXECUTED as of this 3rd day of July, 1962.

"/s/ John T. Webb, Individually

"/s/ Perry Horine, Individually"

(Emphasis added.)

The agreement of appellee, Webb, that his guaranty in connection with the note payable to the order of appellant is unconditional and primary, and his further agreement that "this guaranty shall remain and continue in force and effect as to any renewal, *modification* or extension of said chattel mortgage whether or not we shall have received any notice of or consented to the same," renders him liable for the balance due on said note. The modification of Finger's security agreement by subordination to the mortgage of Flynn Investment Company does not, under the agreement, affect Webb's liability on the note.

The record and admissions show that there was, as of March 25, 1964, a balance due on said note of $54,168.00, plus interest and attorney's fees at 15% of the unpaid principal of such note. We reverse the judgment of the trial court and render judgment in favor of appellant, Finger Contract Supply Company, for an amount based upon the above sums computed to date.

We have examined each of the additional contentions made by both parties hereto, and finding no merit in them, they are each overruled.

Reversed and rendered.