**Gene GUYNN, Appellant,**

v.

**CORPUS CHRISTI BANK & TRUST, Appellee.**

No. 1814.

Court of Civil Appeals of Texas, Corpus Christi.

July 16, 1981.

Carl C. Chase, Corpus Christi, for appellant.

Margaret Gray Knodell, Robert C. Wolter, Wood, Boykin & Wolter, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

Gene Guynn is appealing from a judgment entered against him and defendant Jack L. Whitson in the amount of $69,-363.94, principal and interest, plus $9,502.66 attorney's fees. The judgment was joint and several and was based upon a contract of guaranty.

Suit was originally brought by appellee Corpus Christi Bank & Trust (Bank) against multiple defendants (including the guarantors) to recover the unpaid balance due and owing on a promissory note executed by International Equipment & Service Co., Inc. (IESCO). The case was tried before the court and judgment was rendered for the Bank. On appeal, the judgment was reversed and remanded as to defendant-guarantors Gene Guynn, Jack L. Whitson and Ralph W. Hardin. *Guynn v. Corpus Christi Bank & Trust*, 580 S.W.2d 902, 903 (Tex.Civ. App.—Corpus Christi 1979, no writ).

Prior to the second trial, the Bank entered into an agreement with guarantor Hardin, whereby the Bank accepted partial payment on the indebtedness of Hardin and released its claim against Hardin only. The written release contained the following provisions:

"... in compromise and settlement of the Bank's claims against Ralph W. Hardin under said Judgment it is willing to accept the sum of $23,000.00, conditioned that it is only a release of the Bank's claim against Ralph W. Hardin by virtue of the Promissory Note and Guaranty Agreement forming the basis of said Judgment, and not a release of International Equipment and Service Co., Inc., Jack L. Whitson, Gene Guynn, or Paul Emery; ..."

After the second trial, judgment was entered against guarantors Guynn and Whitson, jointly and severally. Guynn is the only appealing guarantor.

Guynn contends that the trial court erred in granting judgment for the Bank because

the primary obligation of IESCO had been fully paid and satisfied by virtue of the settlement and release with guarantor Hardin. Guynn argues that the release of Hardin also discontinued the Bank's cause of action as to the remaining guarantors.

A review of the guaranty agreements shows that Guynn, Hardin and Whitson signed *separate* but identical guaranty agreements. By the language of these agreements, the guarantors guaranteed payment and therefore became primarily liable. See: *Hopkins v. First National Bank at Brownsville*, 546 S.W.2d 84 (Tex. Civ.App.—Corpus Christi writ ref'd n. r. e.), Per Curiam 551 S.W.2d 343 (Tex.1977); *Ferguson v. McCarrel*, 582 S.W.2d 539 (Tex. Civ.App.—Austin 1979), Per Curiam 588 S.W.2d 895 (Tex.1979). The pertinent provisions of each guaranty agreement were as follows:

"... When any such drafts, loans, or paper, or any renewal thereof, shall become and remain due and unpaid, the *undersigned* will on demand, pay the amount due thereon.

It is understood that if this Guaranty Agreement is executed by more than one person, liability of each of the undersigned is joint and several; and termination of the obligation of any of the undersigned by reason of notice as herein provided or otherwise shall not affect the continuing obligation of any other." (emphasis added)

Guynn argues that this language, found in each guaranty agreement, created joint liability among the guarantors, and when one was released, all were released.

■ Whether the liability of several promisors, whose interests are separate, is joint or several depends on the intention of the parties. The fact that several parties are named as promisors, while several others are named as promisees, is ordinarily indicative of a joint undertaking. Such a prima facie indication will not be controlling if the instrument, when considered in its entirety, discloses a contrary intention. Where the instrument provides, as here, that "we or either of us" promise to pay,

the liability of the parties will then be deemed to be joint and several. *United States Gypsum Company v. Sampson*, 496 S.W.2d 687 (Tex.Civ.App.—Amarillo 1973, no writ); 13 Tex.Jur.2d 293, Contracts § 124.

■ In the present case, when the entire instrument is considered, there is no indication that only joint liability was intended. The language used in the agreements refers only to the "undersigned". An entire paragraph is devoted to stating that if the agreement is executed by more than one person, the liability of each will be joint and several. There was no testimony in the record by Guynn or any other person that guarantor Guynn signed the guaranty agreement solely in reliance of the guaranties of the other guarantors. Thus, after considering the language of the guaranty agreements together with the circumstances surrounding their execution, we hold that the obligation here is several and that a release of one guarantor did not operate as a release of the remaining guarantors.

Furthermore, it has been held that whenever a creditor releases one of several co-sureties and as a part of the release, reserves his rights against the remaining sureties, the release as such does not have the effect of discharging or reducing the obligation of the remaining sureties. *Commercial Credit Corporation v. Sorgel*, 274 F.2d 449, 5th Cir. 1960; cert. denied, 364 U.S. 834, 81 S.Ct. 84, 5 L.Ed.2d 59. See also: *Finger Contract Supply Company v. Webb*, 438 S.W.2d 112, Tex.Civ.App.—Houston [14th Dist.] rev'd on other grounds 447 S.W.2d 906 [Tex.1969] (comparison of a surety and a primarily liable guarantor). Guynn's first point of error is overruled.

Guynn, in his second point of error, contends that the trial court erred in failing to apply the rule of strictissimi juris to the terms of his guaranty agreement. He argues that he guaranteed payment only to amounts remaining due and unpaid. Guynn reasons that when the Bank settled in full with Hardin, no amount was left due and unpaid. Having held that the Bank's release of Hardin did not affect Guynn's

liability, we find this point of error is without merit.

In this third and fourth points of error, appellant Guynn contends that the trial court erred in granting judgment for interest and attorney's fees because such judgment was contrary to the strict terms of his guaranty agreement. Since Guynn was primarily liable as a guarantor, the extent of his liability is determined not only from the terms of the note, but from the terms of the guaranty agreement as well. *Universal Metals & Machinery, Inc. v. Bohart*, 539 S.W.2d 874 (Tex.1976); *Hopkins v. First National Bank at Brownsville*, supra. The note in this case provides that all past due principal and interest shall bear interest at the rate of 10% per annum. It further provides that if the note is placed in the hands of an attorney for collection, an additional 10% will be added to the principal and interest as collection fees. Guynn's liability also extended to interest and attorney's fees as provided in the note. Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.