JOHN ADAMSON AND WIFE v. H. P. SHIEL.

(No. 3218.)

APPEAL from Tarrant County.          Opinion by DAVIDSON, J.

E. W. TEMPLE, counsel for appellants.

No counsel appeared for appellee.

§ 294. *Charge of the court; must be predicated on evidence; wife's separate property; husband cannot bind by his contract.* This was a suit brought by Shiel against Adamson and wife to recover a sum of money due him for plastering a dwelling-house, the separate property of one of the appellants, who is the wife of her co-appellant. The petition alleges that one Owen J. Cook was the agent of Mrs. Adamson, and that she gave him express authority to employ some one to plaster said dwelling-house, and that he employed appellee, Shiel. In the second count of his petition plaintiff alleges that, after he had completed the plastering of the dwelling-house, John Adamson, the husband, who was managing and controlling the separate property of his wife, agreed and promised that he would pay appellee the contract price for plastering said house. The answer was general denial, and the further plea that Cook was himself an independent contractor, who had taken the contract to build and complete said house; that he was not the agent of the

defendants to employ other parties to aid and assist or to do the work for him. The trial resulted in a verdict for Shiel against both the appellants, in the sum of $469.30. In paragraph 2 of the court's charge the jury were instructed that "if you believe from the evidence that Owen J. Cook, at the time he made the contract with plaintiff for the plastering of the house of defendant, had authority from defendants, or either of them, to employ plaintiff, and to make the contract for them, and to bind the defendants to pay for the same, then it will be your duty to find for the plaintiff against both defendants," etc. Again, the court instructed the jury: "If you find against Mrs. Adamson at all, you must do so upon proposition 2 of this charge." The charge is erroneous, because there is no evidence upon which to predicate the same. There is not a particle of evidence that either of the parties ever conferred the authority upon Cook, as their agent, to employ plaintiff, or any one else, to aid him in the completion of the house, or any portion of it. Furthermore, the proposition was erroneous as a proposition of law. Adamson, the husband, could not authorize Cook to employ the plaintiff to plaster the house, the separate property of his wife, and thereby bind her and her separate property, unless the same was done with her knowledge, and by her authority and consent. [Magee v. White, 23 Tex. 180; Haynes v. Stovall, id. 625; Harris v. Williams, 44 Tex. 124; Warren v. Smith, id. 245.] The evidence in this case shows that appellants had paid to Owen J. Cook, the original contractor, who undertook to build and complete the said house for them, the full amount of the contract price for the entire house after it had been completed by him. For the errors pointed out, the judgment is reversed and the cause remanded.

February 17, 1892.         Reversed and remanded.