BLANKENSHIP & BLAKE CO. v. E. M. TILLMAN.

(No. 3386.)

APPEAL from Dallas County. Opinion by DAVIDSON, J.

WOOTEN & KIMBROUGH, counsel for appellant.

V. H. HECTOR, counsel for appellee.

§ 296. *Statute of frauds; promise to answer for debt, etc., of another held not to be within the statute.* This suit was originally brought in the justice court of Dallas county by appellant against appellee for $187.75 alleged to be due the said company, in this wise: One A. J. Barnett, residing at Leadky, Tex., was in the habit of paying the employee of appellee, Tillman, for services in a mine at Leadky, and drawing on Tillman at Dallas, with the receipts of the men so paid attached as vouchers, and the said drafts were paid by Tillman on presentation. In August, 1888, Tillman owed Barnett $187.75 on this account, and, Tillman happening to be in Leadky, Barnett called on him for the money, and told him if it was not convenient to pay the cash he would draw on him for it as usual at Dallas, only that, instead of making the draft payable to himself, as was his habit, he would draw it in favor of Blankenship & Blake Company, as he (Barnett) was indebted to them a large sum of money. Tillman replied that he was just returning to Dallas, and that it was entirely unnecessary to make the draft at all, as he would retain the money ($187.75), and pay it over to appellant immediately on his return to Dallas. Appellant called for the money soon after Tillman's return, and told him they considered him liable for it, which he did not deny. He has, however, never paid it, or any part of it, and this suit was brought to recover it. The foregoing are the allegations of appellant's petition, upon the proof of which he relied for recovery. Appellee replied in

justice court by general demurrer and general denial. The case was tried, judgment being "that appellant has no cause of action against defendant," and that plaintiff recover nothing, etc. Appellant appealed to the county court. In the latter, appellee filed what he termed an "amended answer," denying that he ever promised to pay the sum of money sued for, and "that if he had so promised, the promise not having been in writing, and the debt so promised to be paid being that of a third person or a corporation, plaintiff has no cause of action against him." Appellant excepted to this amended answer as not being permissible in the county court, inasmuch as it set up an entirely new and distinct defense, not pleaded in the justice court, and not being a proper subject for an amendment to the county court; and also because it does not properly plead the "statute of frauds," nor any other defense known to law, but on its face shows that the contract or promise relied on by appellant in this action does not come within the "statute of frauds." It was therefore moved to strike out the amended answer. On June 2, 1890, the cause coming on to be heard on the pleadings of both parties, the court sustained appellee's plea of the "statute of frauds" contained in his amended answer, and dismissed the cause at appellant's cost. From that judgment, motion for a new trial having been overruled, this appeal is prosecuted.

We are of opinion that the court erred in the rulings complained of by appellant. A promise or contract by which one party agrees to pay over to another party a sum of money for a third party, the first party being indebted to the second, and the second to the third, does not come within the "statute of frauds," and need not be in writing. [R. S., art. 2464; 1 Civil Cas. Ct. App., § 952; Spann v. Cochran, 63 Tex. 240; McCown v. Schrimpf, 21 Tex. 27; Hill v. Frost, 59 Tex. 25.]