## RIPLEY v. WENZEL.

(Court of Civil Appeals of Texas. Galveston. June 20, 1911. Rehearing Denied Oct. 5, 1911.)

1. EVIDENCE (§ 471*) — OPINION EVIDENCE — CONCLUSIONS OR MATTERS OF FACT.

Plaintiff's testimony in an action for services performed upon a building, that, after a conversation with the defendant, he was controlled in the work and built it according to defendant's orders, paying no attention to the architect's plans, and that defendant's orders did not conform to the architect's plans, is not objectionable as an opinion of the witness, but states a fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—STATEMENT OF OBJECTIONS.

An assignment of error not followed by a statement or specification, as required by rule 31 (67 S. W. xvi), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. WITNESSES (§ 240*)—EXAMINATION—LEADING QUESTION.

Where it is shown in an action for compensation for work upon a building that in the construction some wood was used for "trim" as a substitute for other kinds of wood called for in the specifications, a question to defendant, the owner of the building, whether the substitution was made by his authority, is not objectionable as leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

4. EVIDENCE (§ 471*)—OPINION EVIDENCE—FACTS OR CONCLUSIONS.

In a builder's action for compensation, where it was shown that in the construction some wood was used for "trim" as a substitute for other kinds of wood called for in the specifications, a question to defendant, the owner of the building, whether he had authorized such substitution, was not objectionable as calling for a conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

5. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR.

The erroneous exclusion of evidence whether defendant, the owner of a building, had authorized plaintiff to substitute a certain kind of wood in place of other kinds called for by the specifications of a contract, is not reversible error where it appears that the building was to be constructed under the supervision of the architect, and that the substitution was ordered by him without consulting the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

6. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT—VERDICT SILENT AS TO INTEREST.

Where all the questions of fact in a builder's action for compensation were submitted to the jury for findings, and the jury's verdict was for plaintiff for a certain sum without any finding of interest in plaintiff's favor, and the undisputed evidence showed that the relations out of which the cause of action arose were severed on a certain date, an allowance of interest from that date in the entry of judgment is properly made.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 453; Dec. Dig. § 256.*]

7. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY—RULINGS ON MOTION TO SET ASIDE FINDINGS AND TO ENTER JUDGMENT.

Where no error is assigned to the rulings of the court upon any motion to enter judgment upon special findings, or upon the refusal of the trial court to set aside any or all of such findings, or to the refusal of the trial court to grant a new trial, an assignment complaining of an alleged erroneous finding by the jury on the special issues will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SPECIFICATION.

Where there is no effort made under an assignment of error to entering judgment for plaintiff because the verdict of the jury was so inconsistent in its several findings that it was impossible to enter an accurate judgment thereon, to show wherein the verdict was inconsistent, and the verdict is nowhere set out in the appellant's brief, no reversible error can be predicated on the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 742.*]

Appeal from District Court, Harris County; J. C. Hutcheson, Jr., Special Judge.

Action by C. C. Wenzel against Daniel Ripley. Judgment for plaintiff, and defendant appeals. Affirmed.

O. T. Holt and L. M. Williamson, for appellant. Love & Channell, for appellee.

McMEANS, J. Appellee, Wenzel, plaintiff below, sued the appellant, Ripley, for a balance due him as compensation for services as a builder, performed for appellant in the construction of an apartment house in the city of Houston. He alleged in his

---

pleadings, first, that the written contract between them was inoperative, because of mutual mistake and of inconsistencies and contradictions in its terms; second, that, if the contract was ever binding, it was abandoned and abrogated by the action of appellant in taking out of appellee's hands all control over the building during the course of its construction, rendering it impossible for appellee to comply therewith, and by subsequent conduct of the parties wholly inconsistent with the further operation of the contract, and equivalent to and indicating an understanding that the building was not being erected in accordance therewith, but upon a different basis; and, third, that appellant had accepted and appropriated the services of appellee, and the use of his skill and equipment, and that the reasonable value thereof was 10 per cent. of the cost of the building. Appellant pleaded a general denial, and specially denied, first, the invalidity of the contract; second, that he had taken out of appellee's hands the control of the work during its progress, and asserted that he had at all times conceded to appellee the power and authority of an independent contractor; and, third, alleged a breach of the contract upon the part of appellee, and claimed damages resulting therefrom. The case was tried before a jury, and on special issues the jury found that the contract was abandoned, and that it was thereafter understood that appellee should receive for his services ten per cent. of the cost of the building, and that the reasonable value of such services was 10 per cent. of such cost, and found against appellant on his cross-action for damages. The jury made other findings, which, in the view we take, are not material to a proper disposition of the case. Upon this verdict judgment was rendered in favor of appellee for $5,469.88, from which appellant has duly perfected this appeal.

[1] Appellant's first assignment of error complains of the action of the court in permitting the plaintiff to testify, over the objections of the defendant, that the stairs and closets originally installed in the building were installed under the architect, Mr. Paige, because the testimony varied the terms of the written contract made and entered into by and between the parties. Under this assignment appellant urges the proposition that "verbal testimony should not be heard to contradict the terms of a written contract, in the absence of proof of accident, fraud, or mistake." The contract itself provides that the building should be constructed under the architect, Paige, and it was not, therefore, a contradiction of the terms of the written contract for plaintiff to say so. Certainly the testimony did not tend to contradict or vary the terms of the written contract. The assignment is overruled.

[2] Appellant's second assignment is as follows: "The court erred in permitting the witness Wenzel, plaintiff herein, to testify over defendant's objections that after he had the conversation with the defendant, Ripley, that the plaintiff was controlled in the work, and that he built the building according to the orders of Ripley, and that he paid no attention to the plans and specifications. The question was asked by plaintiff, 'I will ask you if their orders (meaning Ripley) what they ordered done, and how they wanted the building constructed, conformed to the plans and specifications,' and the witness answered, 'No, sir.' And the court permitted the witness to answer these questions over the defendant's objections." The only proposition urged under this assignment is that "the opinion of the witness is not admissible." We might well refuse to consider this assignment because it is not presented in the manner required by the rules. There is nothing stated to show what the objection was, or that the testimony was harmful to appellant. But, waiving this criticism, we think it clear that the testimony objected to was a statement of a fact, and not the opinion of the witness. The same may be said of other testimony of the plaintiff complained of by appellant in his third and fourth assignments of error. Each of the assignments is overruled.

[3] The fifth assignment is not followed by a statement as required by rule 31 (67 S. W. xvi) and will not, therefore, be considered.

[4, 5] It was shown that in the construction of the building some wood was used for "trim" as a substitute for other kinds of wood called for in the specifications. In regard to this substitution, defendant, while testifying, was asked by his counsel if this substitution was made by his authority, and this question was objected to by plaintiff on the grounds that the question was leading, and that it called for the conclusions of the witness, and these objections were sustained.

[6] We do not think that the question was leading, or that it called for the conclusion of the witness. We think, however, the refusal of the court to admit the testimony was not reversible error. The uncontradicted evidence shows that the building was to be constructed under the supervision of the architect, Paige, and that the substitution was ordered by him without consulting appellant.

[7] Appellant's eighth assignment is as follows: "The court erred in entering judgment for the sum of $4,583.70, together with interest thereon from February 9, 1907, to date of judgment, making the amount of $5,469.88, with interest thereon, because the jury did not find any interest in favor of or for plaintiff, and all the questions of fact having been submitted to the jury to find." Under this assignment, we have the follow-

ing proposition: "No interest is to be allowed on a verdict of the jury found on special issues, unless the verdict of the jury finds that the verdict shall carry with it interest." The verdict of the jury was: "We, the jury, find that the plaintiff, Wenzel, is entitled to receive for his services and appliances $4,583.71." The undisputed evidence shows that appellant and appellee severed their business relations, in so far as the building of the apartment house is concerned, on February 9, 1907. We think the assignment is not well taken. City of San Antonio v. Marshall, 85 S. W. 315, was a suit on a building contract, and the case was submitted to the jury on special issues. We quote from the opinion: "The thirteenth assignment complains of interest being allowed plaintiffs on the balance adjudged to them, there being no interest mentioned in the verdict, and there being no evidence to show when the amount or balance became due. Under our present statute, in cases of special verdicts, a finding is not essential in matters not submitted. The court was authorized to adjudge interest from and after the time the evidence showed the balance became payable to plaintiffs." In that case the testimony showed that the work was completed some time in June, 1897, the exact date not being shown. The trial court allowed interest from January 1, 1897. The Court of Civil Appeals held that interest should have been calculated from July 1, 1897. In this case there is no uncertainty, as both appellant and appellee testified that their relations were severed on February 9, 1907, the date from which the interest was calculated. The assignment is overruled.

[8] All of the other assignments presented by appellant in his brief, except the nineteenth, complain of alleged erroneous findings of the jury on special issues. A consideration of them is objected to by appellee on the grounds that no error is assigned to the ruling of the court upon any motion to enter judgment upon the special findings or upon the refusal of the trial court to set aside any one or all of such findings, and no error is assigned to the refusal of the trial court to grant a new trial.

It seems that the question raised by appellee's objection has been settled favorably to his contention. Scott v. Farmers' & Merchants' National Bank et al., 66 S. W. 485, is a case that was submitted by the trial court to a jury on special issues. There, as here, the assignments were predicated upon alleged erroneous findings of the jury. We quote the following from the opinion: "When a case has been submitted to a jury on special issues, and the findings of the jury entitled the plaintiff to a judgment, and the trial court overrules a motion to set aside the verdict, but the defendant does not, on appeal, assign as error the action of the court in overruling the motion for a new trial, can he complain of the judgment

against him on the ground that certain findings of the jury are not supported by the testimony? We are of the opinion that this question must be answered in the negative. * * * Can such dissatisfied party remain inactive, and on appeal complain of the verdict or of the failure of the court to set it aside of its own motion? Clearly not, because it is not the duty of any court to set aside the verdict, unless requested so to do. There is but one remedy left, and that is to fight the verdict—to move the court to set it aside and grant a new trial. The law charges the party against whom the jury finds with knowledge of the fact that the verdict is a barrier to his success; that, unless he secures its removal, it will necessarily be followed by a judgment against him, regardless of what the evidence may be. This being the case, he must not only ask the trial court to set the verdict aside, but if, on appeal he seeks to complain on account of the verdict, he must do so under an assignment of error addressed to the action of the court in refusing to set it aside and grant a new trial. Armstrong v. Elliott [20 Tex. Civ. App. 41] 49 S. W. 636. * * * And so, * * * while Scott and the Citizens' Railway Company attacked the verdict in the court below on grounds that may have been tenable, yet they have not pursued the attack in this court and assigned error upon the action of that court in overruling their motion to set aside the verdict; and, for that reason, in our opinion it must be held that they have waived their objections to it."

But we would be inclined to consider the assignments, notwithstanding the opinion above quoted, but for the fact that they are not presented in accordance with the rules. Each of the assignments complains of a finding of the jury, and under none of them is it shown by the statement or otherwise that the alleged erroneous finding was called to the attention of the trial court by appellant in his motion for a new trial, or that the alleged error was sought to be corrected in the court below. Appellant's motion for a new trial contains 40 distinct specifications of error, and this court is not required to search through the lengthy motion to see whether the grounds of complaint urged in the assignments were presented to the trial court in the motion for a new trial. The assignments will not be considered.

The nineteenth assignment complains that the "court erred in entering judgment in behalf of plaintiff, because the verdict of the jury is so inconsistent in its several findings that it was impossible to enter an accurate judgment thereon." Appellant asserts by his proposition, first, that unless the verdict is certain in its several findings, or the matters found can be made certain by reference to the record, the verdict must be set aside for uncertainty; and, second,

a verdict on special issues must be the basis of the judgment, and the court cannot look to the record to supply any omissions or defects therein.

[9] No effort is made under this assignment and proposition to show wherein the verdict is inconsistent in its several findings, or why it was impossible to enter an accurate judgment thereon. The verdict is nowhere set out in appellant's brief. The assignment does not disclose any reversible error and is overruled.

We find no reversible error in the record as presented to us, and the judgment of the court below is affirmed.

Affirmed.